JOSEPH C. WHITE ET AL. *versus* VALENTINE ESTES ET AL.

Where a debtor, having given a bond in the usual form, attempted to disclose, but did not complete his disclosure, and thereupon, within six months from the date of the bond, surrendered himself to the custody of the jailer, and went into close confinement, the penalty of the bond is saved.

If the debtor is improperly discharged by the jailer, the forfeiture of the bond is saved nevertheless.

This action, which is debt on a poor debtor's bond, comes before the full court on REPORT of APPLETON, J.

The plaintiff introduced a paper purporting to be a true copy of the record of the magistrates, before whom the debtor commenced his disclosure, on July 6, 1854, and an alias execution with the officer's return thereon.

The defendant then called D. D. Stuart, who testified, subject to objection, that the debtor commenced his disclosure, and after proceeding four days, declined further disclosing, the disclosure being at the creditor's request taken in writing, on questions propounded to and annexed by him in writing. That the witness moved the magistrates to adjudicate that the creditor have a lien on all the property disclosed by the debtor; that the magistrates said they did so adjudicate at the time; that he did not recollect that he saw any record of the adjudication; that questions were put and answers made by the debtor, and reduced to writing; that in the winter of 1857 he extended the record from this memorandum, and the justices certified it as a true copy of the

record, which paper is the identical paper introduced. That he took his minutes of the property disclosed, from the questions and answers in writing; that there was a citation and entry before the magistrates, and the questions and answers were in writing, and minutes were made upon the citation; that he called on the magistrates for a copy of the record; that he drew it out *in extenso*, at their request, as aforesaid; that he did not see any certificate made by the magistrates, at the time, nor since, to his recollection. That the disclosure was not signed by the debtor, and he did not offer to sign it, nor claim to have the oath administered, nor was it administered. The plaintiffs seasonably objected to the introduction of all parol testimony, to affect the record of the justices.

The court are to render judgment for the defendants, if, on the evidence which is legally admissible, the defence is made out. If the evidence fails to establish a defence, the damages are to be assessed by the court or the jury, as the parties may prefer; the court having power to draw such inference as a jury would be authorized to draw.

*D. D. Stuart*, counsel for the plaintiffs.

1. The debtor attempted, in the first place, to disclose; and after proceeding more than three days refused to complete the disclosure, having satisfied himself that the justices would refuse the oath by reason of his countless and glaring frauds. And the justices did, in fact, refuse to administer the oath.

2. But the court was properly organized—the debtor selecting one justice and the creditor the other—and after the disclosure was commenced neither party could revoke the authority of the justices, or deprive the other of any rights acquired under the proceedings. *Ayer* v. *Woodman*, 24 Maine R., 196; *Chamberlain* v. *Sands*, 27 Maine R., 468.

3. The debtor disclosed, as the case shows, a large amount of attachable property, and the creditor's lien thereon in-

stantly attached, and the refusal of the debtor to sign the disclosure could not defeat it. R. S., ch. 148, s. 34; *Jewett* v. *Rines et al.*, 39 Maine R., 9.

Within thirty days after the disclosure a demand was made on the debtor for the property by an officer holding an alias execution, and the debtor refused to deliver it. This was a breach of the bond. *Hatch* v. *Lawrence*, 29 Maine R., 480; *Collins* v. *Lambert*, 30 Maine R., 185; *Torrey* v. *Berry*, 36 Maine R., 589; *Jewett* v. *Rines*, 39 Maine R., 9.

*A. W. Paine,* counsel for the defendants.

The bond declared upon is subject to three conditions of performance, and all that the defendants are bound to do is to perform one of them, whichever they elect. Upon performance of either of these conditions the bond is saved. This was directly adjudged in *Pease* v. *Norton*, 6 Greenl. R., 229; also affirmed in *Rollins* v. *Dow*, 24 Maine R., 124, where the court say, "If either of the conditions has been performed the defence is made out." Also, in *Fales* v. *Goodhue*, 25 Maine R., 425, where the court held the debtor responsible to perform only one of the conditions of the bond.

The bond is a contract *in the alternative,* in which case the obligor or promissor has his election to perform whichever condition he may please. 2 Parsons on Con., 163 and 169.

The defendant, having delivered himself up to the jailer according to the bond, his duty is thus performed. If the jailer failed in his duty in discharging or keeping him, that was his fault; the error, if any was committed by him, cannot be visited on his surety upon the bond. And proof *by parol* is sufficient, without record of the delivery up to the debtor. *Rollins* v. *Dow*, 24 Maine R., 123, 125.

GOODENOW, J. This is an action of debt on a poor debtor's bond, dated June 10, 1854. Plea, the general issue and performance.

On the part of the defendants, Josiah S. Witherell testified, that he was keeper of the county jail at Norridgewock, in the county of Somerset, in November, 1854; that Valentine Estes delivered himself into his custody, as jailer, November 24, 1854, and went into close confinement, and so remained in jail, till the 8th of December, 1854, when he was discharged for non-payment of his board. Said Estes surrendered himself on the bond in suit, which, with the execution, were filed with said Witherell, as jailer, on said 24th of November, 1854.

The plaintiffs contend that the debtor having, before this surrender of himself to the custody of the keeper of the jail, attempted to disclose, and after proceeding more than three days in the examination and disclosure, having refused to complete the same, (the court having been legally organ-ized,) and having disclosed a large amount of property liable to attachment, the plaintiffs thereby acquired vested rights under that proceeding; and having made his election, to submit himself to an examination within six months, according to the terms of the condition of the bond, could not abandon those proceedings, and relieve himself and his sureties on the bond, by delivering himself into the custody of the keeper of the jail, and going into close confinement, within six months from the date of said bond.

The bond declared on is subject to three conditions. The defendant must take care to perform one of them within six months, if he would protect himself and his sureties. *Rollins* v. *Dow*, 24 Maine R., 124; *Fales* v. *Goodhue*, 25 Maine R., 425.

If, after having delivered himself up to the jailer, and gone into close confinement, the defendant was discharged by the jailer, improperly, still the forfeiture is saved, and the plea of performance established.

The cases cited by the counsel for the plaintiff, are those in which the debtor endeavored to relieve himself by his disclosure, and failed to do so, on account of some irregulari-

ties in the proceedings; and not cases in which he surrendered himself and went into close confinement, and therefore materially unlike the case at bar.

We are of opinion that a nonsuit must be entered, and the defendants must have judgment for their costs.